**Penn A. Dodson (PD2244)**
**Alexander L. Gastman (AG8241)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*
*alex@andersondodson.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICIA MORRISON,<br>in her individual capacity and<br>on behalf of others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CONCEPTS OF INDEPENDENCE, INC.,<br><br>　　　　　　　　Defendant. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiff Patricia Morrison worked as a "personal assistant" for Defendant's home health care agency for more than a decade. During this time, Plaintiff, like other similarly situated personal assistants, worked 24-hour shifts but was only paid for 12 or 13 of those hours. The net result has led to unpaid time, unpaid overtime wages, and an effective regular rate of pay less than the applicable minimum wage rate. To challenge these and other wage violations, Plaintiff brings this action, both in her individual capacity and on behalf of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

others similarly situated, by and through her attorneys, against Defendant Concepts of Independence, Inc., to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq*. (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendant' Home Health Care located at 120 Wall Street, Suite 1010, New York, NY.

## PARTIES

**Defendant Concepts of Independence, Inc.**

5. Defendant **Concepts of Independence, Inc.** (hereinafter "COINY") is a New York nonprofit corporation whose principal place of business is located at 120 Wall Street, Suite 1010, New York, NY. Its DOS Process agent is listed with the NYS Department of State as Concepts of Independence, Inc. at the same address.

6. Defendant Concepts of Independence, Inc. is an agency that provides home care workers ("personal assistants") to individuals with severe disabilities or chronic illness under New York State's Consumer-Directed Personal Assistance Program ("CDPAP").

7. At all relevant times, Defendant COINY had annual gross revenues in excess of $500,000.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

COINY employs thousands of workers and provides services for thousands of consumers.

8. Defendant COINY engages in ordinary commercial activities and is in substantial competition with other businesses that provide home health care services.

9. At all relevant times, Defendant COINY was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant COINY was subject to the FLSA and was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Patricia Morrison**

11. Plaintiff Patricia Morrison is a resident of Brooklyn, New York, which is in Kings County.

12. At all times material to this action, Plaintiff Morrison was an "employee" within the meaning of 29 U.S.C. § 203(e).

13. As a personal assistant, Plaintiff provided services to the same elderly, disabled individual (the "charge") throughout her tenure with COINY.

14. The charge is disabled to the extent that she is bedridden and unable to care for herself without assistance.

15. Plaintiff worked for COINY from approximately 2006 through approximately March, 2017.

16. At all times material to this action, Plaintiff was a nonresident employee. Plaintiff maintained her own, separate residence from her charge. Plaintiff did not live in the home of Defendant's client.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Morrison v. COINY*
USDC, Southern District of New York

Complaint
Page 3

17. Plaintiff cared for her charge by performing duties including bathing her, clothing her, cooking for her, going to the grocery store for her, escorting her to doctor appointments, and otherwise assisting her with day-today tasks associated with basic functions of living.

18. In addition, she also kept her charge's house clean, helped her process her mail, answered the door when guests came, and otherwise assisted with general household work as needed.

19. Plaintiff, like others similarly situated, worked 24 hour shifts.

20. Under the CDPAP program, not all consumer-participants qualify for 24-hour care; only some do.

21. During her shifts, Plaintiff was always "on duty."

22. Plaintiff did not receive five hours of uninterrupted sleep during her shift.

23. Plaintiff did not receive three hours of uninterrupted meal breaks per shift.

24. Plaintiff was only "off duty" when another personal assistant was present to take care of the charge.

25. Her standard workweek was five days a week, but when there was no "relief" worker to work during the weekend, she would work seven days a week.

26. Plaintiff, like others similarly situated, kept track of her time on a handwritten form that she was required to fax in to COINY.

27. On these timesheets, she would record 24 hours as her time worked, except for those times when somebody else was there to relieve her.

28. Due to the nature of her responsibilities, all of this was compensable work time.

29. Plaintiff, like other similarly situated, was only paid for 12 or 13 hours of her 24-hour shifts.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

30. Plaintiff Morrison's rate of pay was $11.00 per hour, or $132 per 24-hour shift ($11 per hour times 12 hours).

31. $132 divided by 24 hours is $5.50 per hour.

32. At all relevant times, $5.50 per hour is less than the state and federal minimum wage rate.

33. For her hours worked over 40 in a workweek, Plaintiff, like others similarly situated, was not paid time and a half for any of the hours she worked.

34. Plaintiff, like others similarly situated, was not paid anything extra as "spread of hours" pay.

35. In addition, Plaintiff was wholly unpaid for approximately six weeks of work. From approximately February 7 to March 27, 2017, COINY failed to pay Plaintiff, with knowledge that Plaintiff performed services for her charge.

36. Neither COINY nor any other agency provided anyone else to serve as personal assistant or home health aide to the charge during this unpaid period.

**FLSA Collective Plaintiffs**

37. The Named Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all "personal assistants" paid on an hourly basis who worked more hours than the quantity of hours for which they have been paid who have been employed by Defendant on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

38. Upon information and belief, all personal assistants working shifts over 12 hours are paid on an hourly basis, are paid for fewer than the number of hours in their shifts, are not paid an overtime premium rate, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

39. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, have been subject to a common pay practices and decisions on the part of the Defendant. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

40. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the FLSA Collective Plaintiffs through various methods including first class mail, email, social media, and text message.

**Rule 23 Class**

41. The Named Plaintiff brings the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all "personal assistants" paid on an hourly basis who worked more hours than the quantity of hours for which they have been paid who have been employed by Defendant on or after the date six years before the filing of the instant Complaint within the state of New York (the "NYLL Class Plaintiffs").

42. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

43. The precise number of persons is unknown, as such information is in the custody and control of the Defendant. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed NYLL Class.

44. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

45. The Named Plaintiff's claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed NYLL Class. The Class members were/are all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused her to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendant's pay practices.

46. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendant having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

48. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

49. Further, especially given the current state of alternative job availability, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the NYLL requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

50. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether personal assistants have been paid for fewer hours than they should have been;

   b. Whether they should have been paid time and a half for hours over 40 worked in the workweek;

   c. Whether they should have been paid "spread of hours" pay;

   d. What Defendant's pay policies, practices, directives, instructions, programs, and procedures were for all relevant times;

   e. Whether Defendant's conduct was willful;

   f. Whether Defendant maintained true and accurate time and payroll records; and

   g. What formulae are appropriate for calculating damages.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# LEGAL CLAIMS

## As And For A First Cause of Action:
## FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

51. Plaintiff and others similarly situated reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

52. Defendant failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

53. Defendant failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of the FLSA.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

54. Defendant had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

55. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

56. As a result of the violations by Defendant of the FLSA, Plaintiff and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## As And For A Second Cause of Action: NEW YORK LABOR LAW (NYLL) VIOLATIONS

57. Plaintiff and others similarly situated reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

58. At all relevant times, Plaintiff and others similarly situated were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage*

59. Defendant failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

60. Defendant failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

61. Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendant failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Pay Wages*

62. Defendant failed to pay Plaintiff and others similarly situated wages for all hours worked, in violation of NYLL § 652.

### *Failure to Provide Wage Notices/Accurate Pay Stubs*

63. Defendant failed to furnish Plaintiff and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b).

64. Defendant failed to furnish Plaintiff with accurate "pay stubs," or an accurate statement with every payment of wages listing gross wages, deductions and net wages, and the accurate number of regular and overtime hours worked, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Damages*

65. Due to Defendant's New York Labor Code violations, Plaintiff and others similarly situated are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Morrison v. COINY*
USDC, Southern District of New York

Complaint
Page 11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and others similarly situated respectfully request that this Court grant the following relief:

(A)	Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B)	Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C)	Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(D)	Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(E)	Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663;

(F)	Award Plaintiffs and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day any Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(G)	Award Plaintiff and others similarly situated statutory penalties related to wage notices and pay stubs pursuant to the New York Labor Law;

(H)	Award Plaintiffs and others similarly situated interest;

(I)	Award the Named Plaintiff a service award;

(J)	Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(K)	Award such other and further relief as this Court deems necessary and proper.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Morrison v. COINY*  
USDC, Southern District of New York

Complaint  
Page 12

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **25th** day of **May, 2017.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

*/s/ Alex Gastman*

**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*

Attorneys for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com