UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PATRICIA MORRISON,** | |
| Plaintiff, | |
| | Case No. 1:17-cv-03968 |
| v. | |
| | |
| **CONCEPTS OF INDEPENDENCE, INC.** | |
| | |
| Defendants. | |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The plaintiff, Patricia Morrison ("Plaintiff") and the defendant, Concepts of Independence, Inc. ("Defendant"), hereby jointly request that this Court approve the parties' settlement of the above-captioned matter. (Ex. A, Settlement Agreement). As some of the Plaintiff's action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

In *Cheeks* the Second Circuit articulated that its rationale for requiring approval is premised largely on the notion that "Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Cheeks*, at *17. The Court referred to a number of district court decisions rejecting proposed FLSA settlements containing the following types of provisions:

1. Highly restrictive confidentiality provisions (*Lopez v. Nights of Cabiria, LLC*, ––– F.Supp.3d ––––, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. March 30, 2015)

2. Overbroad releases (*Id.*)

3. Attorneys' fees of somewhere between 40%-43.6% of the total settlement payment (*Id.*)

4. Restriction on a plaintiff's attorney not to "represent any person bringing similar claims against Defendants." *Guareno v. Vincent Perito, Inc.*, 14cv1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014).

5. Economic desperation of the plaintiffs. *Nall v. Mai–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir.2013); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D.Ga.2014)

*Cheeks*, at *17.

Here, none of these factors would preclude approval of this settlement. First, there is no confidentiality provision in the Agreement. Second, the release in this case is limited to the claims alleged in the action. Third, the litigation costs are $617.86 and the attorney fees are $14,382.14, which is significantly less than the amounts contained in the plaintiff's retainer agreement with her counsel and tracked in the firm's contemporaneous billing records. Fourth, the Agreement contains no restriction on Plaintiff's counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiff's economic desperation. It is a significant amount of money, not the small amounts at issue in the cases cited.

The case also presents significant litigation risk to plaintiff. Plaintiff's complaint had been dismissed, without prejudice, due to a lack of specificity. Since that dismissal, the New York State Court of Appeals issued a decision that has a reasonably high probability of impacting the scope of Plaintiff's claims. *See Andryeyeva v. NY Home Health Care, Inc.*, 2019 NY Slip Op. 02258 (March 26, 2019).

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The

parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action, during a settlement conference in court with the magistrate judge assigned to the case.

WHEREFORE, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action between the parties with prejudice.

Respectfully submitted,

| BOND, SCHOENECK & KING, PLLC | ANDERSONDODSON, P.C. |
|---|---|
| /s/ Hermes Fernandez | s/Penn Dodson |
| Hermes Fernandez, Esq. | Penn Dodson, Esq. |
| *Hfernandez@bsk.com* | *penn@andersondodson.com* |
| 22 Corporate Woods, Suite 501 | 11 Broadway, Suite 615 |
| Albany, NY 12211 | New York, NY 10004 |
| Attorneys for Defendant | Attorneys for Plaintiff |

SO ORDERED:

_____
U.S.D.J.

Dated: _____