UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICIA MORRISON,
                       Plaintiff,

        -against-

CONCEPTS OF INDEPENDENCE, INC.,
                       Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/19

17 CIVIL 3968 (JGK)

## JUDGMENT

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memo Endorsed Order dated May 22, 2019, the settlement agreement is approved subject to the plaintiff receiving $15,000 and the attorneys for the plaintiff receiving a total of $10,000 for attorneys' fees and costs. That is a reasonable fee, particularly in view of the percentage of recovery and using a lodestar check, as per the attached settlement agreement; and judgment is hereby entered dismissing this action; accordingly, the case is closed.

**Dated:** New York, New York
          May 22, 2019

                                              RUBY J. KRAJICK
                                                 Clerk of Court
                               BY:
                                                   Deputy Clerk

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement"), is effective as of April 24, 2019 by and between Patricia Morrison (hereinafter "Plaintiff") and Concepts of Independence, Inc. (hereinafter "COINY" or "Defendant"). The term "Defendant" used herein shall include Concepts of Independence, Inc. and all of its employees, agents, and attorneys, together with their predecessors, successors and assigns, both jointly and severally. Defendant and Plaintiff may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

### WITNESSETH:

**WHEREAS**, a dispute arose between Plaintiff and Defendant regarding compensation;

**WHEREAS,** Plaintiff claims she is owed monies relating to wages and overtime and related damages;

**WHEREAS**, on or about May 25, 2017, Plaintiff initiated a lawsuit against Concepts of Independence, Inc. in the United States District Court for the Southern District of New York District of New York, such case being styled *Morrison v. Concepts of Independence, Inc.*, Civil Action File Number 1:17-cv-03968 (the "Lawsuit"); and,

**WHEREAS**, on or about May 9, 2018, the Court dismissed Plaintiff's Complaint, without prejudice, and provided Plaintiff an opportunity to file an amended complaint; and

**WHEREAS**, without any admissions of fault or liability, Plaintiff and Defendant wish to compromise and settle all of their respective claims against the other, including, but not limited to, the claims relating to the Lawsuit,

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff and Defendant hereby agree as follows:

I. **PAYMENT AND CONSIDERATION**

   A. *Amount & Characterization*: In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the Defendant agrees to issue the following payments, totaling $25,000.00:

   1. The gross amount of $5,000.00 less normal and appropriate withholdings and subject to the issuance of a Form W-2, payable to Patricia Morrison for back wages allegedly owed; and

   2. The gross amount of $5,000.00, payable to Patricia Morrison, for liquidated damages and/or interest allegedly owed on allegedly unpaid back wages, subject to the issuance of a 1099 form for non-wage income; and

3. The gross amount of $15,000.00 for litigation expenses, costs, and attorneys' fees, payable to AndersonDodson, P.C., subject to the issuance of a 1099 form, consisting of $14,382.14 in attorney fees and $617.86 in litigation costs and expenses.

B. **Delivery.** Payment may be made by any of the following means; the method Defendant intends to use shall be initialed:

✓ _PMoms_ **Wire Transfer** to Plaintiff's counsel's trust account. Detailed wire transfer instructions shall be provided if this option is selected or later upon request.

_____ **Credit Card.** Defendant agrees to provide valid credit card information in the Credit Card Authorization Form provided if this option is selected (or later upon request). Defendant agrees that by selecting this option, a convenience fee for each payment shall be added, in accordance with the provisions set forth on the authorization form.

_____ **ACH Payment Online.** Defendant may enter checking or savings account information online in response to an invoice sent to Defendant at the email address indicated in the signature block of this agreement. Defendant agrees that by selecting this option, a convenience fee of an additional $ 10.00 per payment shall be added.

_____ **Checks**, cashiers checks or money orders, sent to -
AndersonDodson, P.C.
Settlement Processing Center, PMB 255
196 Alps Road, Ste. 2
Athens, GA 30606
with a copy of the payment and the stamped addressed envelope or similar proof of mailing emailed to penn@andersondodson.com, and payment(s)

C. **Withholdings.** For any payment amounts requiring withholdings, Defendant shall provide a description of the withholdings or deductions made, either by enclosing same along with mailed checks or by emailing them to penn@andersondodson.com.

D. **Timing:**

1. The payments described above shall be received within ten (10) calendar days of the execution of this Agreement by the Plaintiff and delivery thereof to counsel for Defendant.

2. Counsel for the Plaintiff agrees to hold the funds described above in trust and not disburse them until such time as the Court approves the settlement or stipulation, as more fully described below.

E. *No Additional Compensation Due.* Plaintiff agrees that the amounts set forth in this paragraph I include the entire amount of monetary or other consideration due, and are in full and final settlement of any and all claims against Defendant.

## II. ADDITIONAL CONSIDERATION BY THE PARTIES

A. *No Retaliation.* Defendant agrees not to engage in any activities against Plaintiffs which are in retaliation for her participation in the lawsuit, to the extent required by the Federal Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL").

B. *References/Employment Inquiries.* Defendant agrees to provide neutral references for Plaintiff in accordance with the terms of this section. Plaintiff shall refer any requests for employment references by potential employers to the Human Resources department of COINY. COINY agrees that any employment inquiries or reference requests which are directed to the Human Resources department of COINY shall at most state dates of service and position held (consumer directed personal assistant). Plaintiff acknowledges that COINY has no control over, and shall have no responsibility for, any reference or comment made by any consumer, designated representative, or consumer directed personal assistant for whom COINY provided fiscal intermediary services.

C. *Third Party Beneficiaries.* The Consumer and Designated Representative served by plaintiff under the Consumer Directed Personal Assistance Program shall be regarded as Third Party Beneficiaries of this Settlement Agreement. Plaintiff shall make and have no claim against either the Consumer or Designated Representative arising from the underlying subject matter of the Lawsuit, and they shall benefit from the dismissal of this action and the release provided under this Agreement as though they were signatories to this Agreement.

## III. DISMISSAL OF ACTION

A. Upon full execution of this Agreement, or within three (3) business days thereof, the parties agree that the Plaintiff's counsel will cause to be filed with the Court a Motion to Approve Settlement with any other documents needed to obtain settlement approval, including the Stipulation of Dismissal that accompanies this Settlement Agreement.

B. Should the Court not approve the settlement, the parties agree to make reasonable efforts to cure any deficiencies noted by the court. The parties expressly agree that a reduction of the attorney fees and costs described above (which are already significantly reduced relative to what is owed pursuant to the retainer agreement between the Plaintiff and her counsel and to a computed lodestar figure) would constitute a denial of the motion and may preclude the settlement from coming to

fruition. If the parties are unable to agree to further changes or if the Court does not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on April 22, 2019 and that counsel for Plaintiff shall promptly return the funds held in trust, as soon as practicable but in no event later than five business days following counsel for Defendant's indication by email that settlement has failed and that funds should be returned.

C. Plaintiff agrees to the dismissal of the Lawsuit with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

## IV. RELEASE

A. For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff knowingly and voluntarily releases and forever discharges the Defendant and its successors, and its and theirs current and former officers, directors, trustees, employee, and agents from any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Plaintiff ever had or now has against the Defendant, related to or with:

1. the Lawsuit;

2. all claims for overtime, minimum wage, and any other claims for wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law, including, but not limited to, the Minimum Wage Act ("NYLL"), Wage Parity Act, Wage Theft Prevention Act, and the Domestic Worker Bill of Rights, the NY Social Services Law, and the provisions of the New York City Charter, the Administrative Code of the City of New York, and the Rules of the City of New York;

3. all correlative common law claims associated with nonpayment or underpayment of wages including, but not necessarily limited to, breach of contract, unjust enrichment, or other similar claims.

B. Plaintiff represents and warrants that no other person Is entitled to assert any claim of any kind or character arising out of, or as a consequence of, her performance of services as a consumer directed personal assistant serviced by COINY.

## VIII. MISCELLANEOUS

A. *Governing Law & Jurisdiction.* This Agreement shall be governed by and construed in accordance with the laws of the State of New York. The parties agree that any disputes

related to this Agreement shall be subject to the jurisdiction of the State of New York and any proceedings commenced, except as stated In ¶ III(C) of this Agreement, shall take place in New York courts.

B. **Effective Date.** This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement. If no date is set forth within the first (1st) paragraph, then the effective date shall be on the date of the Plaintiff's execution of this Agreement. The parties acknowledge that upon execution of this Agreement by Plaintiff and Defendant, it will be binding upon the Plaintiff and Defendant and is irrevocable. Defendant further acknowledges that this provision does not abrogate its duty to issue payment to the Plaintiff pursuant to the provisions regarding consideration above.

C. **Entire Agreement.** This Agreement is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this Agreement governs.

D. **Severability.** Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. **No Admission of Liability.** It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

F. **Taxes.** Except as set forth in ¶ 1(A.1) of this Agreement, it is understood and agreed that no representations have been made as to the federal, state or local tax consequences, if any, regarding the payments to Plaintiff described above. By accepting the above-described payments, Plaintiff agrees to be responsible for all federal, state, or local income or employment taxes or contributions, or other federal or state payroll tax assessments, if any, arising by virtue of the payments. The Parties further agree that Plaintiff has no right of contribution or indemnification against Defendant arising from any claims, assessments, or liabilities asserted against Plaintiff by any federal, state, or local taxing authority attributable to receipt of the Settlement Amount. Plaintiff agrees to indemnify and hold Defendant harmless for any claims, assessments, or liabilities asserted against it by any federal, state, or local taxing authority attributable to payment of the Settlement Amount.

G. **Knowing And Voluntary Waiver And Release:** The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of

this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

H. **Representations**. As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

I. **Modification**. This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

J. **Interpretation**. Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

K. **Additional Documents and Responsibilities**. The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party.

L. **Liens**. Plaintiff is not aware of any liens and/or pending legal claims applicable to the Settlement Amount. Plaintiff agrees to defend, indemnify, and hold Defendant harmless against any lien, claim, or action asserted against the Settlement Amount. Plaintiff also agrees that she will be solely responsible to satisfy any liens or pending legal claims asserted against her or Defendant as against the Settlement Amount.

M. **Binding Agreement**. This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

N. **Counterparts and Signatures**. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed, scanned, or secured electronic signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by secured electronic signature software, fax, or pdf attachments to emails.

O. **Headings**. Headings used in this Agreement are for convenience only and shall not be used

in connection with the interpretation of any provision hereof.

P. **Defined Terms.** Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

Q. **Pronouns.** Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

R. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| Party | Address | Copy to: |
|---|---|---|
| Defendant | Anthony Caputo<br>Concepts of Independence, Inc.<br>120 Wall Street, Suite 1010<br>New York, NY | Hermes Fernandez, Esq.<br>BOND, SCHOENECK & KING, PLLC<br>22 Corporate Woods, Suite 501<br>Albany, NY 12211<br>Hfernandez@bsk.com |
| Plaintiff | Patricia Morrison<br>485 Ocean Ave, Apt 3R<br>Brooklyn, NY 11226 | Penn A. Dodson, Esq.<br>ANDERSONDODSON, P.C.<br>11 Broadway, Suite 615<br>New York, NY 10004<br>penn@andersondodson.com |

S. **Time is of Essence.** TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

IN AGREEMENT HERETO, the Plaintiff and the below representative of Defendant set their hand and seal.

_Patricia Morrison_ (signature)    5/2/2019
Patricia Morrison                  Date

_Anthony Caputo_ (signature)       4/24/2019
Anthony Caputo                     Date
For Concepts of Independence, Inc.